Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
**WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Special Litigation Counsel for
Chapter 7 Trustee, Richard A. Marshack

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>LUMINANCE RECOVERY CENTER, LLC, a California limited liability company, *et al.*,<br><br>Debtors.<br><br>Affects:<br><br>☒ All Debtors<br><br>☐ Luminance Recovery Center, LLC, ONLY<br><br>☐ Luminance Health Group, Inc., a California corporation, ONLY | Case No. 8:18-bk-10969-SC<br><br>Chapter 7<br><br>(Jointly Administered with Case No. 8:18-bk-10972-SC)<br><br>Adv. No.<br><br>**COMPLAINT FOR:**<br>**(1) AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547;**<br>**(2) AVOIDANCE OF POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549(a);**<br>**(3) RECOVERY OF PROPERTY PURSUANT TO 11 U.S.C. § 550;** |
| RICHARD A. MARSHACK, solely in his capacity as Chapter 7 Trustee of the Estates of Luminance Recovery Center, LLC and Luminance Health Group, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>YELLOWSTONE CAPITAL WEST, LLC;<br><br>Defendant. | **(4) PRESERVATION OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 551;**<br>**(5) DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d);**<br>**(6) TURNOVER OF PROPERTY OF THE ESTATES PURSUANT TO 11 U.S.C. § 542;**<br>**(7) PREDATORY LENDING PURSUANT TO CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200;**<br>**(8) EQUITABLE SUBORDINATION OF CLAIMS PURSUANT TO 11 U.S.C. § 510(c); AND**<br>**(9) DECLARATORY RELIEF** |

1209720.1                                                        1                                                        COMPLAINT

**TO DEFENDANT AND ITS COUNSEL:**

Richard A. Marshack, the duly appointed, qualified and acting chapter 7 trustee ("Trustee" or "Plaintiff") for the bankruptcy estates ("Estates") of both Luminance Recovery Center, LLC, and Luminance Health Group, Inc., a California corporation (each a "Debtor" and collectively, "Debtors"), hereby files this adversary complaint for: (1) Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547; (2) Avoidance of Post-Petition Transfers Pursuant to 11 U.S.C. § 549(a); (3) Recovery of Property Pursuant to 11 U.S.C. § 550; (4) Preservation of Avoided Transfers Pursuant to 11 U.S.C. § 551; (5) Disallowance of Claims Pursuant to 11 U.S.C. § 502(d); (6) Turnover of Property of the Estates Pursuant to 11 U.S.C. § 542; (7) Predatory Lending Pursuant to California Business and Professions Code § 17200; (8) Equitable Subordination of Claims Pursuant to 11 U.S.C. § 510(c); and (9) Declaratory Relief ("Complaint") against Defendant, Yellowstone Capital West, LLC ("Defendant"), and respectfully alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105, 502, 510, 542, 547, 549, 550, and 551. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (F), and (O). Regardless of whether this is a core proceeding, consent is hereby given to the entry of final orders and judgment by the Court. Defendant is hereby notified that Fed. R. Bankr. P. 7008 requires Defendant to plead whether consent is given to the entry of final orders and judgment by the Court.

2. Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code (the "Bankruptcy Code") as provided in 28 U.S.C. § 1409.

3. This adversary proceeding arises out of and relates to the cases entitled Luminance Recovery Center, LLC, a chapter 7 case bearing case number 8:18-bk-10969-SC, and Luminance Health Group, Inc., a California corporation, a chapter 7 case bearing

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

case number 8:18-bk-10972-SC, both currently pending in the United States Bankruptcy Court, Central District of California, the Honorable Scott C. Clarkson presiding.

## PARTIES AND CASE BACKGROUND

4. Luminance Recovery Center, LLC, filed for voluntary relief under Chapter 11 of the Bankruptcy Code on March 21, 2018 ("Petition Date").

5. The Court converted the Luminance Recovery Center, LLC case to one under Chapter 7 of the Bankruptcy Code on April 5, 2018, and shortly thereafter Richard A. Marshack was appointed chapter 7 trustee.

6. Luminance Health Group, Inc., a California corporation, filed for voluntary relief under Chapter 11 of the Bankruptcy Code on March 21, 2018.

7. The Court converted the Luminance Health Group, Inc. case to one under Chapter 7 of the Bankruptcy Code on April 5, 2018, and shortly thereafter Richard A. Marshack was appointed chapter 7 trustee.

8. On March 22, 2018, the Court ordered that the two cases be jointly administered.

9. Plaintiff is informed and believes and based thereon alleges that Defendant is a corporation formed under the laws of New York, with its principal place of business located at 30 Broad Street, Suite 14108, New York, NY 10004.

## GENERAL ALLEGATIONS

10. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 9 as though fully set forth herein.

11. Plaintiff is informed and believes and based thereon alleges that the Debtors were a leading substance abuse and dual diagnosis treatment center that provided a continuum of care to clients struggling with addiction and co-occurring disorders in California.

12. Plaintiff is informed and believes and based thereon alleges that the Debtors borrowed money from Defendant prior to the Petition Date.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

13. Plaintiff is informed and believes and based thereon alleges that on or about November 22, 2017, Defendant and the Debtors entered into the Secured Merchant Agreement (the "Agreement") whereby Defendant lent the Debtors $200,000, and the Debtors were to make a payment to Defendant of $1,999 per business day ("Daily Payment").

14. The proceeds of the loan were used by the Debtors in California for clients that resided in California.

15. As part of the Agreement, Defendant required the Debtors to execute a Confession of Judgment in the amount of $289,800, less any timely payments received, plus legal fees calculated at 25% of the aforementioned sums, costs, expenses, disbursements and interest at the rate of 16%.

16. Plaintiff is informed and believes and based thereon alleges that the Debtors defaulted shortly after entering into the Agreement.

17. Plaintiff is informed and believes and based thereon alleges that after the Debtors defaulted on the Agreement, Defendant had its Confession of Judgment entered on or about March 2, 2018, and thereafter, began levying on the Debtors' accounts.

18. On or about March 2, 2018, Defendant filed a UCC Financing Statement ("UCC") on property of the Debtors' located in California.

19. During the ninety days prior to the Petition Date, the Debtors made payments to or for the benefit of Defendant and/or Defendant levied on the Debtors' accounts as payment to or for the benefit of Defendant (collectively, "Payments"). The aggregate amount of the Payments is not less than $95,407.00.

20. Plaintiff is informed and believes and based thereon alleges that Defendant has continued to garnish funds of the Debtor ("Garnished Funds") after the Petition Date in an amount to be determined.

21. Plaintiff is informed and believes and based thereon alleges that, although Defendant has not filed a proof of claim, Defendant may assert a claim against the Estates.

## FIRST CLAIM FOR RELIEF

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

22. Plaintiff repeats and realleges the allegations in paragraphs 1 through 21, above, as though fully set forth herein.

23. Plaintiff is informed and believes and based thereon alleges that within the ninety days prior to the Petition Date, the Debtors made Payments to Defendant in the total amount of no less than $95,407.00.

24. Plaintiff is informed and believes and based thereon alleges that within the ninety days prior to the Petition Date and more than thirty days after the Agreement, Defendant recorded the UCC whereby Defendant obtained a security interest in the Debtors' assets located in California. The UCC and the Payments are hereinafter collectively referred to as the "Pre-Petition Transfers."

25. Plaintiff is informed and believes and based thereon alleges that each of the Pre-Petition Transfers to Defendant was a transfer of property of the Debtors.

26. Plaintiff is informed and believes and based thereon alleges that each of the Pre-Petition Transfers to Defendant was made to or for the benefit of Defendant.

27. Plaintiff is informed and believes and based thereon alleges that Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 101(10)) at the time each of the Pre-Petition Transfers was made or, alternatively, received the Pre-Petition Transfers for the benefit of a creditor of the Debtors.

28. Plaintiff is informed and believes and based thereon alleges that each of the Pre-Petition Transfers was made on account of an antecedent debt owed by the Debtors to Defendant before the Pre-Petition Transfer was made.

29. Plaintiff is informed and believes and based thereon alleges that each of the Pre-Petition Transfers was made while the Debtors were insolvent. The Debtors are presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

30. Plaintiff is informed and believes and based thereon alleges that each of the Pre-Petition Transfers enabled Defendant to receive more than Defendant would have received under Chapter 7 the Bankruptcy Code if the Pre-Petition Transfers had not been made and Defendant received payment on behalf of such debt to the extent provided under the Code.

31. Plaintiff is informed and believes and based thereon alleges that as of the date hereof, Defendant has not returned any of the Pre-Petition Transfers to Plaintiff.

32. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Pre-Petition Transfers are avoided.

## SECOND CLAIM FOR RELIEF

**(Avoidance of Post-Petition Transfers Pursuant to 11 U.S.C. § 549(a))**

33. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is informed and believes and based thereon alleges that at all times set forth herein, the Garnished Funds were property of the Estates.

35. Plaintiff is informed and believes and based thereon alleges that Defendant sought to collect the Garnished Funds after the commencement of the two cases.

36. Plaintiff is informed and believes and based thereon alleges that Defendant was not authorized under the Bankruptcy Code or by the Bankruptcy Court to continue to garnish funds after the commencement of the cases and the imposition of the automatic stay.

37. By reason of the foregoing, pursuant to Section 549(a) of the Bankruptcy Code, Plaintiff may avoid the post-petition transfer of the Garnished Funds for the benefit of the Estates.

## THIRD CLAIM FOR RELIEF

**(Recovery of Property Pursuant to 11 U.S.C. § 550]**

38. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 37 as though fully set forth herein.

39. Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 547 or § 549, Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose such transfer was made or (b) any immediate or mediate transferee of such initial transferee.

40. Plaintiff is informed and believes and based thereon alleges that Defendant is either the (a) initial transferee of the Pre-Petition Transfers and the Garnished Funds (together, the "Transfers"), the entity for whose benefit the Transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

41. Plaintiff is entitled to recover the value of the Transfers pursuant to 11 U.S.C. § 550(a).

### FOURTH CLAIM FOR RELIEF

### (Preserve Avoided Transfers Pursuant to 11 U.S.C. § 551)

42. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiff preserves any and all avoided transfers, including the Transfers, for the benefit of the Estates pursuant to 11 U.S.C. § 551.

### FIFTH CLAIM FOR RELIEF

### (For Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

44. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is informed and believes and based thereon alleges that Defendant is either the (a) initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

46. Any claims of Defendant against the Debtors must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the value of the Transfers and the Garnished Funds, plus interest thereon and costs, pursuant to 11 U.S.C. § 502(d).

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## SIXTH CLAIM FOR RELIEF

**(For Turnover of Property of the Estates Pursuant to 11 U.S.C. § 542)**

47. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is informed and believes and based thereon alleges that on the Petition Date, the Debtors had a legal and/or equitable interest in the funds subject to the Transfers and that the funds subject to the Transfers were property of the Estates that Plaintiff has standing to administer for the benefit of the Debtors' creditors.

49. Plaintiff is informed and believes and based thereon alleges that the funds subject to the Transfers are presently under the possession and control of Defendant.

50. Pursuant to 11 U.S.C. § 542(a), Plaintiff seeks an order compelling the turnover of the funds subject to the Transfers or their value from Defendant for the benefit of the Estates so that they can be administered for the benefit of the Debtors' creditors.

## SEVENTH CLAIM FOR RELIEF

**(For Predatory Lending Pursuant to California Business and Professions Code § 17200)**

51. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 50 as though fully set forth herein.

52. Plaintiff is informed and believes and based thereon alleges that Defendant engaged in predatory lending, such that it imposed unfair or abusive loan terms upon the Debtors, and/or convinced the Debtors to accept unfair terms through deceptive, coercive, exploitative or unscrupulous actions for a loan that Debtors could not repay.

53. Plaintiff is informed and believes and based thereon alleges that at the time Defendant made the Agreement with the Debtors, the Debtors were insolvent and could not afford the required Daily Payments under the Agreement.

54. Plaintiff is informed and believes and based thereon alleges that Defendant knew or should have known that the Debtors were high-risk borrowers, could not afford to

make the Daily Payments under the Agreement, and were likely to default on the Agreement.

55. Plaintiff is informed and believes and based thereon alleges that Defendant nevertheless offered terms to the Debtors that, among other things, included an unreasonable interest rate and Daily Payment amount, and charged inflated fees and costs.

56. Defendant required the Debtors to execute a Confession of Judgment for the full amount of the loan less any payments, plus interest and costs, along with unreasonable attorneys' fees calculated at 25% of the aforementioned amount.  This Confession of Judgment allowed Defendant to easily obtain a judgment without suit and collect that amount from the Debtors' assets to the detriment of the Debtors and the Debtors' creditors.

57. Plaintiff is informed and believes and based thereon alleges that Defendant's conduct, including the Agreement and Confession of Judgment, represented an unlawful or unfair practice by Defendant.

58. Plaintiff is informed and believes and based thereon alleges that the oppressive practice substantially and materially injured the Debtors by overcharging the Debtors in an amount to be proven at trial.

59. Plaintiff is informed and believes and based thereon alleges that the material injury to the Debtors is not in any way outweighed by any benefits to Defendant on behalf of the unlawful or unfair loan practices.

## EIGHTH CLAIM FOR RELIEF

**(For Equitable Subordination of Claims Pursuant to 11 U.S.C. § 510(c))**

60. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 59 as though fully set forth herein.

61. Section 510(c) of the Bankruptcy Code provides that the Court may, under principles of equitable subordination, subordinate for purposes of distribution all of part of

an allowed claim or interest to all of part of another allowed claim or interest, or order that any lien securing such subordinated claim be transferred to the estate.

62. Defendant engaged in inequitable conduct by engaging in predatory lending practices as set forth herein.

63. Defendant's inequitable conduct and predatory lending practices injured the Debtors' other creditors and/or conferred an unfair advantage on Defendant by, among other things, permitting Defendant to receive more than it would otherwise be entitled to in these Chapter 7 cases.

64. Subordination of Defendant's claims, if any are alleged, in these cases would not be inconsistent with the Bankruptcy Code.

65. Accordingly, any claims of Defendant against the Debtors must be subordinated to all other priority, secured and general unsecured claims pursuant to 11 U.S.C. § 510(c).

## NINTH CLAIM FOR RELIEF

### (For Declaratory Relief)

66. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 65 as though fully set forth herein.

67. Plaintiff is informed and believes and based thereon alleges that the funds subject to the Transfers are property of the Estates.

68. Plaintiff seeks a determination that the funds subject to the Transfers are property of the Estates that are to be administered by Plaintiff.

## RESERVATION OF RIGHTS

69. During the course of this proceeding, Plaintiff may discover (through discovery or otherwise) additional transfers made to Defendant during the relevant preference period or post-petition periods. It is Plaintiff's intention to avoid and recover all transfers made to Defendant of an interest in the Debtors' property of the Estates and to or for the benefit of Defendant or any other transferee.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

70.  Plaintiff reserves his right to amend this original Complaint, to include, among other things: (i) further information regarding the funds subject to the Transfers; (ii) additional transfers; (iii) modifications of and revisions to Defendant's name; (iv) additional defendants; and (v) additional causes of action, that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

71.  Plaintiff reserves the right to bring all other claims or causes of action that Plaintiff might have against Defendant, on any and all grounds, as allowed under the law or in equity.

**WHEREFORE**, Plaintiff prays that this Court enter a judgment against Defendant as follows:

### On the First Claim for Relief

For a determination that each of the Pre-Petition Transfers is avoidable as a preferential transfer under 11 U.S.C. § 547.

### On the Second Claim for Relief

Avoiding the transfer of Garnished Funds and declaring the transfer of Garnished Funds annulled and rendered void as an improper post-petition transfer under 11 U.S.C. § 549(a).

### On the Third Claim for Relief

That Plaintiff is entitled to recover the Transfers from Defendant under 11 U.S.C. § 550.

### On the Fourth Claim for Relief

For preservation of the funds subject to the Transfers for the benefit of the Estates under 11 U.S.C. § 551.

### On the Fifth Claim for Relief

For determination that any claims asserted by Defendant against the Debtors be disallowed until and unless Defendant pays to Plaintiff an amount equal to the value of the Transfers, plus interest thereon and costs, pursuant to 11 U.S.C. § 502(d).

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### On the Sixth Claim for Relief

For turnover of the funds subject to the Transfers to Plaintiff for the benefit of the Estates pursuant to 11 U.S.C. § 542.

### On the Seventh Claim for Relief

For a determination that Defendant engaged in predatory lending pursuant to California Business and Professions Code § 17200.

### On the Eighth Claim for Relief

For a determination that any claims of Defendant against the Debtors must be subordinated to all other priority, secured and general unsecured claims pursuant to 11 U.S.C. § 510(c).

### On the Ninth Claim for Relief

For a judicial determination that the funds subject to the Transfers are property of the Estates that may only be administered by Plaintiff for the benefit of the Debtors' creditors.

### On All Claims for Relief

For such other and further relief as this Court deems just and proper.

Dated: March 20, 2019      WEILAND GOLDEN GOODRICH LLP

By: /s/ *Jeffrey I. Golden*
JEFFREY I. GOLDEN
BETH E. GASCHEN
RYAN W. BEALL
Special Litigation Counsel for Chapter 7 Trustee, Richard A. Marshack

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1209720.1                           12                           COMPLAINT

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Richard A. Marshack, solely in his capacity as Chapter 7 trustee of the Estates of Luminance Recovery Center, LLC and Luminance Health Group, Inc. | **DEFENDANTS** Yellowstone Capital West, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Weiland Golden Goodrich LLP 650 Town Center Dr., Ste. 600, Costa Mesa, CA 92626 (714) 966-1000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☒ Trustee | **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) Avoidance of Preferential Transfers Pursuant to 11 U.S.C. section 547; (2) Avoidance of Post-Petition Transfers Pursuant 11 U.S.C. section 549(a); (3) Recovery of Property Pursuant to 11 U.S.C. section 550; (4) Preservation of Avoided Transfers Pursuant to 11 U.S.C. section 551; (5) Disallowance of Claims Pursuant to 11 U.S.C. section 502(d); (6) Turnover of Property of the Estates Pursuant to 11 U.S.C. section 542; (7) Predatory Lending Pursuant to California Business and Professions Code section 17200; (8) Equitable Subordination of Claims Pursuant to 11 U.S.C. section 510(c); and (9) Declaratory Relief

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [4] 11-Recovery of money/property - §542 turnover of property
- [1] 12-Recovery of money/property - §547 preference
- [2] 13-Recovery of money/property - §548 fraudulent transfer
- [3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- [5] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ No less than 95,407.00 |

Other Relief Sought
  Disallowance of Claim, Equitable Subordination, Declaratory Relief

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>Luminance Recovery Center, LLC , et al. | BANKRUPTCY CASE NO. 8:18-bk-10969-SC<br>(jointly administered with 8:18-bk-10972-SC) | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Scott C. Clarkson |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Jeffrey I. Golden | | |
| DATE<br>March 20, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Jeffrey I. Golden | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): Complaint for: (1) Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547; (2) Avoidance of Post-Petition Transfers Pursuant to 11 U.S.C. § 549(A); (3) Recovery of Property Pursuant to 11 U.S.C. § 550; (4) Preservation of Avoided Transfers Pursuant to 11 U.S.C. § 551; (5) Disallowance of Claims Pursuant to 11 U.S.C. § 502(D); (6) Turnover of Property of the Estates Pursuant to 11 U.S.C. § 542; (7) Predatory Lending Pursuant to California Business and Professions Code § 17200; (8) Equitable Subordination of Claims Pursuant to 11 U.S.C. § 510(C); and (9) Declaratory Relief
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 20, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 20, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 20, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Served by Personal Delivery**
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/20/2019 | Victoria Rosales | *victoria* (signature) |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**